## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOLO, LLC | |
| Plaintiff, | Civil Action No: _____ |
| v. | |
| | **COMPLAINT** |
| REVERSE GROUP, INC. D/B/A REVERSE HEALTH | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff GOLO, LLC ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Reverse Group, Inc. d/b/a Reverse Health ("Defendant"), and states and alleges the following:

### NATURE OF THE ACTION

1.      This is a civil action for violation of the Lanham Act (15 U.S.C. § 1051 *et. seq.*), including for trademark infringement, trademark dilution, unfair competition, and false advertising, for violation of the Delaware Deceptive Trade Practices Act (6 Del. C. § 2532), and for violation of the Delaware dilution statute (6 Del. C. § 3313), arising from, *inter alia*, Defendant's misuse and misappropriation of Plaintiff's GOLO Trademarks and Defendant's promotion, advertising, and sale of weight loss program services, diet planning and supervision, weight management programs, and weight loss coaching programs that directly infringe Plaintiff's trademark rights.

2.      Plaintiff is a leading health and wellness company that provides innovative and proprietary diet, healthcare, and wellness goods and services. Plaintiff began selling proprietary GOLO-branded diet, weight loss, and wellness solutions at least as early as 2013 using its distinctive and federally registered trademarks. Since inception, a central pillar of Plaintiff's

proprietary approach to weight loss and wellness has been a "back to basics" whole foods eating approach.

3.     As set forth more fully herein, Defendant is engaged in a bait-and-switch scam. Defendant deliberately leads unsuspecting consumers to believe they are making a purchase from Plaintiff; however, the confused consumer is actually making a purchase with Defendant. Defendant has done this by adopting Plaintiff's trademarks in its online advertisements and keyword search purchases in numerous search engines to confuse and manipulate consumers into purchasing Defendant's goods and services over Plaintiff's goods and services, all while deceiving and confusing consumers into believing that the consumer is actually purchasing Plaintiff's goods and services, including going so far as to inform some customers that Defendant is a subsidiary of Plaintiff. Defendant's advertising injury to Plaintiff by way of its unauthorized use of Plaintiff's trademarks is likely to cause, and is actually causing, significant consumer confusion, where Plaintiff has documented nearly 500 instances of actual confusion; is creating a false impression of an affiliation, connection, or association between Defendant and Plaintiff, as well as a false impression that Plaintiff sponsors or approves of Defendant's goods, services, and commercial activities; and is harming not only Plaintiff's business reputation, but also consumers, as evidenced by customer reviews. Defendant's unlawful acts described herein are significantly damaging Plaintiff and its business, and despite Defendant's September 13, 2023, representation that it would cease its misuse in response to a cease-and-desist letter from GOLO, it continues to misuse the GOLO Trademarks.

4.     Plaintiff seeks injunctive relief, compensatory damages, enhanced and trebled damages, attorneys' fees, and costs against Defendant for trademark infringement, trademark dilution, unfair competition, and false advertising.

## THE PARTIES

5.     Plaintiff is a limited liability company organized under the laws of Delaware with its principal place of business at The Sabre Building, 4051 Ogletown Stanton Road, Third Floor, Newark, Delaware 19713.

6.     Upon information and belief, Defendant is a Delaware corporation with a principal place of business at 8480 Honeycutt Road, Suite 200, Raleigh, NC 27615. Defendant may be served with process by serving its registered agent Legalinc Corporate Services, Inc., 651 N. Broad Street, Suite 201, Middletown, Delaware, 19709, or as otherwise authorized under applicable law.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367 because this action arises under the Lanham Act, including 15 U.S.C. §§ 1114 and 1125.

8.     This Court has personal jurisdiction over Defendant because Defendant is incorporated in Delaware and has otherwise availed itself of the rights and benefits of the laws of Delaware and is thus subject to personal jurisdiction in this State and District by virtue of its contacts and residence here. In addition, by committing the unlawful acts as alleged herein in this State and District, including, but not limited to, using an infringing mark in connection with the sale and offering for sale of goods to customers in this State and District, at least in part, through <http://reverse.health>, which is accessible throughout the United States, including persons within Delaware, Defendant's conduct forms a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims.

9.     Venue as to Defendant is proper in this judicial district under 28 U.S.C. § 1391.

## FACTS

**A.     Plaintiff's Products and Services**

10.     Plaintiff is a leading provider of innovative diet, health, and wellness products and

services, which Plaintiff has developed, marketed, and sold for well over a decade.

11.     Plaintiff offers the "GOLO for Life Plan," a comprehensive and proprietary nutritional strategy that promotes safe weight loss and management by providing counseling and instruction to customers that focuses on balancing blood sugar levels, managing insulin, and eating through a "back to basics" whole-foods approach.

12.     Under its GOLO® brand and as part of the GOLO for Life Plan, Plaintiff further offers additional diet, weight loss, and health and wellness products and services, including various supplements and prepackaged, heat and eat meals aligned with Plaintiff's GOLO for Life Plan.

12.     For example, Plaintiff has developed, promotes, and sells GOLO RELEASE®, a plant-based nutraceutical that supports weight loss and improvements in health markers, GOLO GO-DIGEST®, a nutraceutical that supports digestion, gut health, and overall health, and GOLO REST & GO®, a nutraceutical that supports the body's restorative processes that occur during its circadian rhythm (all pictured below).



13.     Plaintiff's GOLO-branded products and services occupy a key market position in the diet, weight loss, and health and wellness sectors and have created a strong consumer association between Plaintiff, its GOLO® brand, and Plaintiff's products and services thanks to Plaintiff's significant business and marketing investments and significant sales to date.

14.     Plaintiff's products and services have attained extremely high customer satisfaction

ratings, which goodwill is associated with and accrues to Plaintiff as the exclusive source of Plaintiff's products and services.

**B.      The GOLO Trademarks**

15.      As a leading provider of products and services in the diet, weight loss, and health and wellness market sectors, Plaintiff has established extensive trademark rights related to the GOLO name through its extensive and continuous use of the GOLO name in commerce.

16.      Plaintiff first used GOLO at least as early as April 22, 2013, first used GOLO in commerce at least as early as May 2, 2013, and Plaintiff has made substantially exclusive and continuous use of GOLO in commerce throughout the United States since at least as early as May 2, 2013.

17.      To capitalize on and protect its rights and goodwill in the GOLO trademark, Plaintiff has filed multiple applications to register its GOLO trademark with the United States Patent and Trademark Office. As referred to herein, "GOLO Trademarks" refer to both common law and registered rights. Plaintiff is the owner of the entire right, title, and interest in and to at least the following United States Federal Trademark Registrations for the GOLO Trademarks:

| Registration Number | Trademark Image | Classes of Goods/Services | Registration Date |
|---|---|---|---|
| 5,231,000 | GOLO | Dietary and nutritional supplements; Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health, and nutrition | June 27, 2017 |
| 4,436,947 | | Dietary and nutritional supplements; Health care services for individuals, namely, | November 19, 2013 |

| Registration Number | Trademark Image | Classes of Goods/Services | Registration Date |
|---|---|---|---|
| | GOLO | weight loss program services, weight loss diet planning [and supervision,] weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition | |
| 6,569,622 | GOLO | Downloadable mobile application for Food nutrition consultation featuring information about health, wellness, nutrition, and nutritional information about food; Providing a website featuring information about health, wellness, nutrition, and nutritional information about food; Food nutrition consultation | November 23, 2021 |

18.     Attached as **Exhibit A** are true and correct copies of printouts of Registration Certificates obtained from the United States Patent and Trademark Office ("USPTO") website evidencing the ownership of the GOLO Trademarks. The GOLO Trademarks are all valid, subsisting, unrevoked, uncancelled, and enforceable.

19.     Each of the GOLO Trademarks have been continuously used since the date of first use and have never been abandoned, and two of the GOLO Trademarks (Registration Nos. 5,231,000 and 4,436,947) are now incontestable.

**C.     Plaintiff's Marketing and Brand Development**

20.     Since at least as early as 2011, Plaintiff has been developing its products and services to market and sell under the GOLO Trademarks. Plaintiff prominently displays its GOLO Trademarks on its packaging, its website, and any advertisements promoting or marketing its goods and services.

21.     Plaintiff has invested substantial time, money, and other resources, in excess of tens of millions of dollars per year, in promoting its products and services using the GOLO Trademarks to individuals in all 50 states, including Delaware.

22.     As detailed above, the GOLO Trademarks are featured on Plaintiff's products, such as its publications, supplements, and cookbooks. Plaintiff has accrued over 3 million customers and shipped over 2 million packages of its products to customers in 2022 alone. Each of those packages included several uses of the GOLO Trademarks.

23.     Plaintiff also owns and operates its websites at www.golo.com and mygolo.com, where Plaintiff markets, offers to sell, and sells its products and services to consumers. Plaintiff displays one or more of the GOLO Trademarks on nearly every page of its websites and supporting program materials, additional examples of which are detailed below:



24.     In 2022 alone, there were more than 28 million sessions of consumers visiting Plaintiff's websites at golo.com and mygolo.com in order to access information regarding Plaintiff's products and services to improve health and to lose weight through Plaintiff's program and services and to buy Plaintiff's products. Plaintiff's websites inform potential customers that

the Plaintiff's system includes detailed information regarding meal plans and recipes.

25.     Plaintiff has also undertaken an expansive advertising and marketing campaign, which has increased each and every year since 2018, in order to increase its business revenues and to bolster consumer association between the GOLO Trademarks and Plaintiff's goods and services.

26.     In 2022 alone, Plaintiff spent tens of millions of dollars on television advertising in order to associate the GOLO Trademarks with Plaintiff's products and services in the minds of consumers and prospective consumers. These television commercials generated over *30 billion* consumer impressions associated with the GOLO Trademarks. These advertising expenditures generated significant business revenues for Plaintiff as well as substantial brand association between the GOLO Trademarks and Plaintiff's product and service offerings.

27.     Plaintiff's return on its advertising investment and the efficacy of its customer acquisition strategy, all associated with the GOLO Trademarks and including as set forth above, is definite and well documented.

28.     Through Plaintiff's continuous use of the GOLO Trademarks in commerce since 2013, and as a result of Plaintiff's substantial marketing and promotional efforts and the substantial sales of its products and services, Plaintiff has developed a strong brand and reputation among customers, and its GOLO Trademarks have become famous among the consuming public and enjoy extensive goodwill and strong common law rights in the United States.

**D.      Defendant's Infringing Activities and Unlawful Conduct**

29.     Defendant is engaged in a flagrant bait-and-switch scam whereby unsuspecting consumers search for Plaintiff through an internet search engine and are instead shown deceptively labeled advertisements from Defendant which contain the GOLO Trademarks. These advertisements falsely lead the consumer to believe the advertisement will lead them to GOLO's website.

30.     Compounding the consumer confusion, Defendant pays for these advertisements to be featured prominently and at the beginning of search results, further confusing consumers into believing that Defendant's advertisements are actually from Plaintiff. When unsuspecting consumers click the links in Defendant's deceptively labeled advertisements, they are directed to Defendant's non-descript website to eventually complete a purchase without ever alerting the consumer that they are not in fact on Plaintiff's website. Defendant's tactics are designed to deceive consumers into believing that they are purchasing legitimate GOLO products and services from Plaintiff.

31.     Defendant has no authorization to use the GOLO Trademarks, nor has it ever had such authorization. Despite that fact, Plaintiff has discovered that Defendant has been making use of the GOLO Trademarks by, among other things, purchasing search engine advertisements and/or keywords for terms including "GOLO" through internet search engines such as Microsoft's Bing and Yahoo, and then using a spurious designation that is identical with, or substantially indistinguishable from, the GOLO Trademarks in the advertisements displayed to the consumer as a search result after he or she searches a GOLO-related term.

32.     Upon information and belief, Defendant pays to use "GOLO" and GOLO-related terms as a search term as part of its attempt to harvest for its own benefit the goodwill that Plaintiff has built up in the GOLO Trademarks. Defendant intentionally targets customers who are interested in purchasing goods and services from Plaintiff and, using Plaintiff's own trademark, works to divert those customers instead to Defendant's website at <http://reverse.health>. Thus, by unlawfully using the GOLO Trademarks as a paid search term on Internet search engines, Defendant directs consumers looking for Plaintiff and its products and services to Defendant's website instead.

33.     Through these unlawful search engine advertisements, consumers who search or have searched for Plaintiff's website using the GOLO Trademarks in various search engines such as Google, Bing, and Yahoo are shown and have been shown links to Defendant's website along with search result advertisements from Defendant explicitly referencing the GOLO trademarks. **Exhibits B-D** (showing Bing, Yahoo, and Google search results for "GOLO").

34.     For example, one of Defendant's paid advertisements that appeared on Bing as a search result for a GOLO-related search term as of September 25, 2023, was entitled "Golo | 12-Week Weight Loss Program," as seen below:



reverse.health
https://reverse.health/go/low-weight ▾

**Golo | 12-Week Weight Loss Program**

Ad Renew your metabolism with the first **weight loss** coaching program for women. Start here!
Proven system to achieve your dream body at any age. Take the Metabolic type review quiz

Custom 1-month app access - $7.25/week · Custom 3-month app access - $4.60/week

Program for Women Over 40          How Diet Works

Your 28-Day Meal Plan              Weight Loss App for Women

35.     As another example, one of Defendant's paid advertisements on Yahoo as of September 25, 2023, was entitled "Golo - Best Weight Loss Plant of 2023," as seen below:

reverse.health

**Golo - Best Weight Loss Plan of 2023**

Proven system to achieve your dream body at any age. Take the Metabolic type review quiz. **Weight loss** program made based on female metabolism. Lose **weight** in fast and healthy way
Personalized Program · Exercise Program Included · Personalized Diet Program · Boosts Weight
Loss
Types: Personalized Meal Plan, Vegetarian Diet, Vegan Diet, Pescatarian Diet

Custom 1-month app access - **$7.25**/week - View more items ⌄

Your 28-Day Meal Plan              Program for Women Over 40

Reviews & Testimonials             How Diet Works

Weight Loss App for Women          Top-Rated Plan for Women

36.     As another example, one of Defendant's paid advertisements on Google was entitled "Optimal Plan – GOLO Weight Loss," as seen below:



37.     Based upon all of the foregoing, when a consumer searches or has searched for "GOLO" using internet search engines, expecting to be directed to Plaintiff's website, that consumer is instead shown an advertisement from Defendant which provides a link to Defendant's website and misrepresents that Defendant is either GOLO or that Defendant is offering GOLO-affiliated or GOLO-sponsored weight loss programs or plans (the "Infringing Advertisements"). Such activities constitute unlawful, infringing uses of Plaintiff's GOLO Trademarks and create confusion among consumers by falsely suggesting that Defendant's services are affiliated with, related to, sponsored by, and/or endorsed by Plaintiff when, in fact, Defendant has no affiliation with Plaintiff.

38.     When a consumer follows the links in Defendant's Infringing Advertisements, the consumer is directed to complete a multi-question quiz purporting to be a health survey. Upon

information and belief, the final outcome of the survey is not dependent on the consumer's responses. Instead, a consumer is eventually directed to a page wherein the consumer can select between a 1-month, 3-month, or 6-month prepaid membership for access to Defendant's Computer Application wherein the customer is promised access to a "[n]utrition plan to reduce menopause symptoms ASAP," "200+ easy-to-follow recipes to pick and choose from," a progress tracker, and 24/7 support to dieticians and coaches, among other promises. **Exhibit E**. This page does not inform a consumer that they are making a purchase from Defendant. *See id.* Upon information and belief, as evidenced by actual consumer confusion detailed below, a reasonably prudent consumer would not be aware when visiting this page after clicking a link in the Infringing Advertisements that they are not making a purchase from Plaintiff.

39.     Upon information and belief, as evidenced by actual consumer confusion detailed below, consumers who mistakenly complete a purchase from Defendant find it difficult or impossible to obtain any refund after realizing their mistake.

40.     Upon information and belief, Defendant has successfully lured customers to its website by using the GOLO Trademarks. Defendant's use of the GOLO Trademarks without Plaintiff's authorization is likely to cause confusion, to cause mistake, and to deceive customers into believing, *inter alia*, that Defendant and its products and services are affiliated with, sponsored by, or endorsed by Plaintiff, and/or that Defendant's products and services are Plaintiff's products and services.

41.     In fact, Defendant's unauthorized use of the GOLO Trademarks has actually caused significant consumer confusion, mistake, and deception. Plaintiff is aware of nearly 500 recent instances of consumer confusion. For example, a confused consumer named Barbara emailed Plaintiff on August 4, 2023, stating that she had ordered a product but had not yet received

anything. **Exhibit F**. She also noted that she had received several cans of collagen, but she had subsequently been informed that Plaintiff does not sell collagen and the order must have been with another company. *Id.* Barbara's confusion was evident when she wrote, "the label said it came from Reverse Health in Lawrenceville GA. I am assuming that Golo and Reverse Health are the same thing." *Id.* Plaintiff had to explain to this confused consumer that GOLO and Reverse Health are not associated with one another. *Id.*

42.     In another example of consumer confusion, a confused consumer named Linda emailed Plaintiff on August 8, 2023, stating, "It's been 25 days since I ordered 6 month supply of resist supplements which I have not received." **Exhibit G**. Linda went on to note that she "even downloaded Reverse Health to phone which is rather crazy..." *Id.* Plaintiff had to explain to Linda that it is not associated with Reverse Health. *Id.*

43.     These are just two of nearly 500 examples of actual consumer confusion, damaged goodwill, and tarnished reputation, which includes emails, voice messages, and calls to Plaintiffs' customer service department demonstrating instances of actual consumer confusion.

44.     Defendant's unlawful conduct is causing actual harm to Plaintiff and its business reputation, as further demonstrated through online customer reviews. For example, on December 4, 2022, a confused consumer named Jovita posted the following review to the Better Business Bureau, alleging that Plaintiff "stole my money" and refused to issue a refund:

Comment on Customer Review

They are crooks they stole my money. Refused to give me a refund and didn't send my free box
Review By: Jovita                          Zip Code: 75052
Submitted: 12/04/2022
Review ID: 128684

45.     When Plaintiff reached out to this confused consumer to better understand this

complaint, Plaintiff discovered that although Jovita had attempted to make a purchase from Plaintiff, Jovita had actually been directed to Defendant for a purchase.

46.     Even worse, upon information and belief, when confused consumers contact Defendant, Defendant's agents have informed some customers that Defendant is a subsidiary of Plaintiff.

47.     On September 7, 2023, counsel for GOLO sent a cease-and-desist letter to Defendant, demanding the immediate cessation of Defendant's misuse of the GOLO Trademarks. **Exhibit H**, Cease and Desist Letter to Defendant.

48.     On September 13, 2023, counsel for Defendant responded to Plaintiff's demands, stating that "we have removed, and will forthwith refrain from making, references to [Plaintiff's] name and marks within our ad copy." **Exhibit I**, Defendant's Response to C&D Letter. Nevertheless, Defendant has continued to misuse Plaintiff's GOLO Trademarks in false and misleading advertisements after sending its response letter. *See* Exhibits B & C (showing search results as of September 25, 2023).

49.     Upon information and belief, Defendant has intended at all relevant times to cause and to profit from such confusion, mistake, and deception by, in effect, trading on Plaintiff's goodwill.

50.     Defendant's unauthorized use of the GOLO Trademarks has caused it to receive ill-gotten profits, gains, and advantages. Plaintiff is entitled to an accounting and disgorgement of all such profits from Defendant.

51.     Defendant's actions have caused actual damage to Plaintiff by diverting customers and opportunities away from Plaintiff and damaging Plaintiff's reputation and the value of its brand. Plaintiff has suffered actual monetary damages as a result of Defendant's misconduct

described herein, including lost sales and damage to Plaintiff's commercial reputation. Defendant is liable to Plaintiff for all such damages.

52.    In addition, Defendant's unauthorized use of the GOLO Trademarks has caused, and will continue to cause, irreparable harm to Plaintiff for which there is no adequate remedy at law and for which Plaintiff is entitled to injunctive relief. Such harm will continue unless and until Defendant's wrongful actions are enjoined by the Court.

53.    Upon information and belief, Defendant's attempt to cause consumer confusion and mistake was willful. This is an exceptional case within the meaning of the Lanham Act, entitling Plaintiff to an award of treble damages and attorneys' fees.

### COUNT I
### Trademark Infringement – 15 U.S.C. § 1114

54.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if stated fully herein.

55.    Plaintiff is the owner of the GOLO Trademarks, which are valid and subsisting and duly registered with the USPTO.

56.    The Registration Certificates attached in Exhibit A constitute *prima facie* evidence of (i) the validity of each of the GOLO Trademarks, and (ii) Plaintiff's exclusive right to use each of those marks in connection with the services identified therein. Further, GOLO Registration Nos. 5,231,000 and 4,436,947 are now incontestable.

57.    The registration of each of the GOLO Trademarks provides legal and sufficient notice to Defendant of Plaintiff's ownership of and exclusive rights in those marks.

58.    Each of the GOLO Trademarks is inherently distinctive.

59.    Each of the GOLO Trademarks has further acquired distinctiveness as set forth above.

60.     Plaintiff has the exclusive right to use the GOLO Trademarks in commerce in connection with the goods and services recited in its trademark registrations and applications, including without limitation, dietary and nutritional supplements, health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition.

61.     Defendant's use of the GOLO Trademarks in the Infringing Advertisements in connection with online advertisements for weight loss programs as identified above, is identical, substantially indistinguishable, or confusingly similar to the GOLO Trademarks. Defendant's sale, offering for sale, distribution, and/or advertising of such goods and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or associations of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff, in violation of 15 U.S.C. § 1114.

62.     Defendant has committed the infringing acts alleged herein without authorization, license, or consent from Plaintiff.

63.     Upon information and belief, Defendant has knowingly and willfully infringed Plaintiff's rights in the GOLO Trademarks. Alternatively, Defendant acted with reckless disregard for and willful blindness to Plaintiff's valuable intellectual property rights, with the express purpose of trading on and profiting from the goodwill and reputation embodied in the GOLO Trademarks.

64.     Upon information and belief, Defendant's misuse of the GOLO Trademarks in the Infringing Advertisements, as described above, is an intentional effort to freeride on Plaintiff's goodwill, thereby further demonstrating a likelihood of confusion between Plaintiff and

Defendant's goods and services.

65.    As a result of Defendant's infringement, Plaintiff has suffered and will continue to suffer damages, including lost sales, lost profits, and lost goodwill. Plaintiff seeks monetary damages in an amount to be proven, pursuant to 15 U.S.C. §§ 1117(a) and (b).

66.    Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Defendant's conduct was undertaken willfully and with the intent to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional damages, up to three times the amount of actual damages, and reasonable attorneys' fees.

67.    Defendant's unauthorized use of designations identical or highly similar to the GOLO Trademarks has also caused irreparable injury to Plaintiff's reputation and goodwill. On information and belief, unless restrained and enjoined, Defendant will continue to infringe Plaintiff's GOLO Trademarks. Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## <u>COUNT II</u>
### Trademark Dilution/Tarnishment – 15 U.S.C. § 1125(c)

68.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if stated fully herein.

69.    The GOLO Trademarks are famous trademarks within the meaning of 15 U.S.C. § 1125(c) and became famous before Defendant misappropriated the GOLO Trademarks in connection with its goods and services. The GOLO Trademarks are advertised and used extensively throughout the United States and are highly recognized by the trade and consuming public. Further, Plaintiff actively polices the use of the GOLO Trademarks by third parties.

70.     Defendant is engaged in commercial use of the GOLO Trademarks by way of misappropriating those marks in the Infringing Advertisements and sale of goods and services in connection with the Infringing Advertisements.

71.     Defendant's actions are disparaging and damaging and are likely to cause dilution of the GOLO Trademarks through, at a minimum, blurring and tarnishing.

72.     Defendant's actions are likely to dilute by blurring the GOLO Trademarks by impairing the distinctiveness of those marks.

73.     Defendant's actions are likely to dilute by tarnishing the GOLO Trademarks by, at a minimum, using the GOLO Trademark in the Infringing Advertisements to lead consumers to purchase goods and services but receive nothing in return for those purchases, or to otherwise receive lower quality goods and services than those offered by Plaintiff.

74.     As a result of Defendant's dilution of the GOLO Trademarks, Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, while Defendant has been and will continue to be unjustly enriched.

75.     Upon information and belief, Defendant's dilution of the GOLO Trademarks is and was willful.

76.     Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1125(c)(1) and the equitable authority of this Court.

77.     Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Defendant's conduct was undertaken willfully and with the intent to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional damages, up to three times the amount of actual damages, and reasonable attorneys'

fees.

## COUNT III
### Unfair Competition – 15 U.S.C. § 1125(a)(1)(A)

78.     Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if stated fully herein.

79.     Plaintiff is the owner of the GOLO Trademarks.

80.     Each of the GOLO Trademarks is inherently distinctive.

81.     Each of the GOLO Trademarks has further acquired distinctiveness as set forth above.

82.     Defendant's use of the GOLO Trademarks in the Infringing Advertisements for weight loss programs as identified above, is identical, substantially indistinguishable, or confusingly similar to the GOLO Trademarks. Defendant's sale, offering for sale, distribution, and/or advertising of such services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or associations with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

83.     The conduct of Defendant, as described above, is in interstate commerce and affecting interstate commerce.

84.     Defendant has furthermore competed unfairly with Plaintiff.

85.     Defendant has committed the infringing acts and unfair competition alleged herein without authorization, license, or consent from Plaintiff.

86.     Upon information and belief, Defendant has knowingly and willfully infringed Plaintiff's rights in the GOLO Trademarks and competed unfairly. Alternatively, Defendant acted with reckless disregard for and willful blindness to Plaintiff's valuable intellectual property rights, with the express purpose of trading on and profiting from the goodwill and reputation embodied

in the GOLO Trademarks.

87.     Upon information and belief, Defendant's misuse of the GOLO Trademarks in the Infringing Advertisements, as described above, is an intentional effort to freeride on Plaintiff's goodwill, thereby further demonstrating a likelihood of confusion between Plaintiff and Defendant's goods and services.

88.     As a result of Defendant's infringement and unfair competition, Plaintiff has suffered and will continue to suffer damages, including lost sales, lost profits, and lost goodwill. Plaintiff seeks monetary damages in an amount to be proven, pursuant to 15 U.S.C. §§ 1117(a).

89.     Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Defendant's conduct was undertaken willfully and with the intent to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional damages, up to three times the amount of actual damages, and reasonable attorneys' fees.

90.     Defendant's unauthorized use of designations identical or highly similar to the GOLO Trademarks has also caused irreparable injury to Plaintiff's reputation and goodwill. On information and belief, unless restrained and enjoined, Defendant will continue to infringe Plaintiff's GOLO Trademarks. Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT IV
### Unfair Competition – 6 Del. C. § 2532(a)

91.     Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if stated fully herein.

92.     Defendant's activities as described above constitute unfair competition and

deceptive trade practices under the Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532(a), at least because such activities, *inter alia*, (a) constitute passing off of Defendant's goods and services as those of Plaintiff; (b) create a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods and services; (c) create a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection or association with or certification by Plaintiff; (d) uses deceptive representations or designations of geographic origin in connection with Defendant's goods and services; (e) represents that Defendant's goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; and (f) advertises goods or services with intent not to sell them as advertised.

93.     On information and belief, Defendant has made and will continue to make profits and gains to which it is not in law or equity entitled.

94.     On information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

95.     Pursuant to 6 Del. C. § 2533(b), Defendant's conduct was undertaken willfully and with the intent to cause confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover its attorneys' fees and costs of this action.

96.     Defendant's acts have damaged and will continue to damage Plaintiff, Plaintiff has no adequate remedy at law, and Plaintiff is entitled to relief afforded under 6 Del. C. § 2533.

**COUNT V**
**Dilution – 6 Del. C. § 3313**

97.     Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if stated fully herein.

98.     Defendant's activities as described above constitute dilution under 6 Del. C. § 3313,

wherein Defendant's unauthorized use of the GOLO Trademarks has injured and is likely to continue to injure Plaintiff's business reputation and has diluted, or is likely to dilute, the distinctive quality of the GOLO Trademarks.

99.   Defendant intended to trade on Plaintiff's reputation and to dilute the GOLO Trademarks or acted with reason to know or was willfully blind as to the consequences of its actions.

100.   By using the GOLO Trademarks in the Infringing Advertisements and in connection with the same or substantially similar goods and services, Defendant has created a mental association between Plaintiff's use of the GOLO Trademarks and Defendant's use of the GOLO Trademarks.

101.   By using the GOLO Trademarks in the Infringing Advertisements and in connection with inferior or fraudulent services, Defendant has tarnished the GOLO Trademarks.

102.   By using the GOLO Trademarks in the Infringing Advertisements and collecting money from consumers without delivering anything in return for such sales, Defendant has falsely suggested that Plaintiff is engaged in fraudulent conduct, thereby tarnishing the GOLO Trademarks.

103.   In the alternative, if Defendant has actually provided services in return for purchases from consumers as a result of the Infringing Advertisements, such services are inferior to Plaintiff's services. Thus, Defendant has tarnished the GOLO Trademarks through the provision of inferior services and diminished the extent to which the GOLO Trademarks are associated exclusively with Plaintiff's goods and services, thereby engaging in dilution by tarnishment and blurring.

104.   Further, even if Defendant has actually provided services in return for purchases

from consumers as a result of the Infringing Advertisements, Defendant has diminished the extent to which the GOLO Trademarks are associated exclusively with Plaintiff's goods and services, and thus engaged in dilution by blurring.

105.    On information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

106.    Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## ATTORNEYS' FEES

107.    Pursuant to 15 U.S.C. § 1117 and 6 Del. C. § 2533, Plaintiff seeks reasonable attorneys' fees in this case on the basis that this case constitutes "exceptional" conduct in violation of Plaintiff's rights. Plaintiff further seeks an award of attorneys' fees, costs, and expenses as may be available under state and federal law or the inherent power of the court.

## JURY DEMAND

108.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure and D. Del. LR 38.1, Plaintiff respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the following relief:

1.    That Defendant, its agents, servants, affiliates, representatives, successors, and assigns, and all those persons or entities in active concert or participation with Defendant who receive actual notice of the injunctive order, be enjoined preliminarily and permanently, pursuant to, without limitation, 15 U.S.C. § 1116(a) and 6 Del. C. §§ 2533(a), 3313, from:

(a)    Using the GOLO Trademarks or any colorable imitation thereof in commerce to sell, offer to sell, distribute, promote, advertise, market, or export from the United States any health and wellness products, plans, or

programs. This shall include use of the GOLO Trademarks in any form or presentation, meaning, without limitation, orally, in upper case and/or lower case, in any particular font or stylized treatment (*e.g.*, italics), with or without a logo, and in any particular color or combination of colors;

(b)    Using the GOLO Trademarks or any colorable imitation thereof as part of any advertisement for any health and wellness products, plans, or programs;

(c)    Purchasing the search term "golo" or any colorable imitation thereof from any internet service provider, any search engine, or any other marketing or advertisement agency, company, or service, for the placement of advertisements related to any health and wellness products, plans, or programs;

(d)    Using the GOLO Trademarks or any colorable imitation thereof as part of a website domain name, where Defendant sells, offers to sell, distributes, promotes, advertises, or markets any health and wellness products, plans, or programs;

(e)    Using the GOLO Trademarks or any colorable imitation thereof as a handle, username, or name on social media accounts, including (for example) Facebook, Twitter (also known as "X"), Pinterest, LinkedIn, TikTok, and Instagram;

(f)    Using the GOLO Trademarks or any colorable imitation thereof, in any manner that is likely to cause consumer confusion;

(g)    Committing any other act calculated or likely to cause the public to believe that Defendant or goods and services offered for sale or sold by Defendant

24

are in any manner connected, affiliated, or associated with Plaintiff or from otherwise competing unfairly with Plaintiff;

(h)     Engaging in any future dilution of the GOLO Trademarks in violation of 6 Del. C. § 3313;

(i)     Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibition of subsections (a)-(h).

2.     Pursuant to 15 U.S.C. § 1116(a), that Defendant be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of the injunctive order, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in paragraph 1 above.

3.     Pursuant to 15 U.S.C. § 1117(a), that the Court issue an award of: (1) Defendant's profits, increased by an amount the Court finds just under the circumstances proven at trial; (2) Plaintiff's damages, increased up to three times the amount thereof; and (3) the costs of the action.

4.     For an injunction, profits, damages, and fees to the extent available under Section 2533 of the Delaware Uniform Deceptive Trade Practices Act.

5.     Pursuant to 15 U.S.C. § 1117(a) and 6 Del. C. § 2533(b), that the Court determine that the case is exceptional, and that Plaintiff recovers from Defendant its attorneys' fees and costs.

6.     For an award of pre- and post-judgment interest on any and all monetary awards.

7.     That Plaintiff be awarded such other and further relief as the Court deems equitable, just, and proper.

Dated: October 2, 2023

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Dana K. Severance*
Dana K. Severance (#4869)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4329

John F. Morrow, Jr. *(pro hac vice* forthcoming)
North Carolina State Bar No. 23382
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3584
E-Mail: John.Morrow@wbd-us.com

Stephen F. Shaw *(pro hac vice* forthcoming)
North Carolina State Bar No. 41582
John D. Wooten IV *(pro hac vice* forthcoming)
North Carolina State Bar No. 51074
300 North Greene Street, Suite 1900
Greensboro, NC 27401
Telephone: 336-574-8052
E-Mail: Stephen.Shaw@wbd-us.com
          JD.Wooten@wbd-us.com

*Attorneys for Plaintiff GOLO, LLC*